IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ROGER A. JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: WMN-09-2069 |
| NEXT DAY BLINDS CORP., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Defendants' Motion to Compel Production of Certain Documents and Information, Paper Nos. 78, 87, and 91[1]; Plaintiff's Motion for Determination that Defendants' Purported Answers to Requests for Admissions are Insufficient and for Sanctions, Paper No. 84; and the oppositions and replies thereto.[2] Four issues remain for resolution from Defendants' original Motion to Compel: (1) the request that Plaintiff execute a form to allow access to Plaintiff's military records; (2) the request that Plaintiff produce all responsive tax records; (3) the request that Plaintiff appear at a second deposition; and (4) the request that Plaintiff be precluded from putting on evidence that Plaintiff's expert witness previously testified as a defense expert. Plaintiff's motion contends that Defendants' amended

---

[1] Defendants' Motion to Compel was initially filed with the Court, in disregard of the procedure described in Local Rules 104.7 and 104.8. *See* Paper No. 78. As a result, Plaintiff filed a Corrected Motion to Strike Defendants' Motion to Compel Production of Documents and Information, Paper No. 85. Because Defendants subsequently complied with the Local Rules, *see* Paper Nos. 87 and 91, Plaintiff's Motion to Strike will be denied as moot.

[2] This case has been referred to a magistrate judge by Judge Nickerson to resolve discovery disputes and related scheduling matters. Paper No. 90. This Memorandum Opinion disposes of Paper Nos. 78, 84, 85, 86, 87, 88, 89, and 91.

answers to Plaintiff's request for admissions are insufficient and that sanctions are warranted. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated herein, Defendants' motion is GRANTED IN PART AND DENIED IN PART and Plaintiff's Motion is DENIED for failure to comply with Local Rule 104.7.

**I.      Defendants' Motion To Compel**

Defendants contend that Plaintiff's Opposition to Defendants' Motion to Compel should not be considered because it was filed after the September 1, 2011 deadline. On September 2, 2011, at 9:25 p.m., Plaintiff's counsel sent Defendants' counsel a "Motion for One Day Extension of Time to File Plaintiff's Response to Defendants' Motion to Compel Production of Documents and Information." That motion sought an extension of time until September 6, 2011, because of the Labor Day Holiday, and reflects that Plaintiff's counsel did not confer with opposing counsel because "the Plaintiff made the decision to request an additional day's extension this evening and, because it is late in the evening, has not been able to consult opposing counsel to seek their consent to this motion." Exh. B. to Document 91. Plaintiff's counsel did not file that Motion for One Day Extension with the Court, and did not obtain any consent to the extension from Defendants' counsel. Local Rule 104.8(a) provides that "Extensions of time given by the parties to one another to serve any document hereunder need not be approved by the Court." However, in this case the extension was sought after the actual deadline had already expired, after business hours, and no response to the extension was obtained.

This Court is not going to take the draconian step of refusing to consider Plaintiff's Opposition in this matter. However, counsel should note that future documents are expected to be timely filed, and court rules regarding extensions of time will be enforced. Local Rule 105.9

provides that, "Before filing a motion to postpone any proceeding or to extend the time for the filing of any document . . . counsel shall attempt to obtain the consent of other counsel and shall give notice of the motion to other counsel a reasonable time before presentation of the motion to the Court." The same standards apply in the discovery context, meaning that even where the motion need not be presented to the Court by operation of the Local Rules, the request must be made to opposing counsel a reasonable time before the original filing deadline. Decisionmaking on such matters should not be left until the evening hours, and certainly should not be left until the deadline has passed.

Both counsel should also spend at least as much time monitoring their own compliance with the applicable procedural rules as they spend monitoring opposing counsel's compliance with the same standards. Appropriate attention by both parties to the operative rules would have eliminated many of the disputes addressed in this memorandum opinion.

**A. Standard Form 180 Request Pertaining to Military Records**

Plaintiff served in the U.S. Army Reserves from 1989 through 1997. Defendants have requested that Plaintiff execute Standard Form 180 Request Pertaining to Military Records ("Form 180"), which would permit Defendants' counsel to obtain documents including Plaintiff's Official Military Personnel File, his medical records, and other documentation relating to his military service. In response, Plaintiff's counsel refused to provide the signed Form 180 unless Defendants' counsel would stipulate that "Mr. Johnson's military service records are important, relevant, and admissible." Although Defendants' counsel did not agree to the proposed stipulation, the Court notes that determinations of relevancy and admissibility are for the Court, not for the stipulation of counsel.

Notwithstanding the flaws in the proposed stipulation, the Court concurs with Plaintiff's position that the military records are not discoverable in this matter. While Defendants have found other information in the course of their investigation of Plaintiff's background that may be relevant to his current claims, they do not cite any specific allegations suggesting that the requested military records would contain any relevant information. Instead, they rely on a mere possibility. ("There is a reasonable likelihood that Plaintiff's military records could contain additional accusations of race discrimination made by Plaintiff against others, and/or other information bearing on Plaintiff's emotional health, job performance and character." Def. Reply to Mot. to Compel at 4.) Because Plaintiff did not begin working with the defendants until approximately three years after terminating his military service, the requested records are also somewhat remote in time. There does not appear to be any specific basis for believing that the military records are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1). As a result, the request appears to be a "fishing expedition," which is not the purpose of discovery. *R. Ernest Cohn, D.C., D.A.B.C.O. v. Bond*, 953 F.2d 154, 159 (4th Cir. 1991) (citation omitted). The request is therefore DENIED.

**B. Responsive Tax Records**

Defendants have requested tax returns that Plaintiff has filed since January 2005, which, assuming timely filing, would encompass tax returns from the tax year 2004 through the present year. Plaintiff has provided only the tax returns for which he had copies in his possession.[3] In cases such as this one, where tax returns appear to be discoverable because of allegations of lost

---

[3] Yet again, Plaintiff makes a procedural argument complaining that Defendants' motion to compel was untimely under Local Rule 104.8(a). While that Local Rule does require that the motion to compel be filed within 30 days of receipt of a deficient response, because there were protracted efforts to obtain the tax records without court intervention, this Court will not deem the request "waived."

income and future pecuniary losses, courts have required parties to avail themselves of procedures to obtain tax records. Defendants' motion will be GRANTED to the extent that the parties are ordered to meet and confer **within two weeks of the date of this Order** regarding the available procedures for obtaining copies or transcripts of tax returns from the Internal Revenue Service and the State of Maryland. Plaintiff is ordered to request whatever tax returns or transcripts are (1) responsive to Defendants' original request, (2) available from the government agencies at Plaintiff's request, and (3) free of charge. To the extent that there are fees for obtaining any copies or transcripts of tax returns which meet the first two criteria above, if Defendants want to obtain such records, Plaintiff is ordered to request the records and Defendants are ordered to pay the expense of the order.

### C. Ms. Mendelson

Irene Mendelson is one of several expert witnesses who have been retained by Plaintiff. Plaintiff has provided Defendants with a list of previous cases in which Ms. Mendelson performed work, as required by Fed. R. Civ. Proc. 26(a)(2)(B)(v). However, Defendants requested, at Ms. Mendelson's deposition on March 23, 2011, that she also provide a list distinguishing between previous cases in which she was retained by a defendant and previous cases in which she was retained by a plaintiff. Because no such list or information has been provided, Defendants ask the Court to preclude Plaintiff from offering evidence at trial that Ms. Mendelson has been retained in the past by defendants. Such a sanction is not available under Rule 37(a). *See* Fed. R. Civ. P. 37(a) (providing only for payment of expenses and protective orders). Because Rule 26(a) does not require Plaintiff to provide the specific information sought by Defendants, the sanctions allowed in Rule 37(c)(1)(C), which could include the exclusion of certain evidence, do not apply. Because Defendants have not cited any other authority under

which the sanction of exclusion of evidence is permissible in these circumstances, the request is DENIED.

### D. Second deposition of Plaintiff

Defendants' request for a second deposition of Plaintiff will be GRANTED. Defendants have made a showing of need or good reason for scheduling a second deposition. Specifically, documents and information which should have been provided by Plaintiff prior to the first deposition was not provided in a timely fashion. As a result, the Plaintiff/deponent's actions impeded the Defendants' opportunity to conduct a full and fair examination, and this Court will allow additional time pursuant to Fed. R. Civ. Proc. 30(d)(1).

## II. Plaintiff's Motion for Determination that Defendants' Purported Answers to Requests for Admission are Insufficient and for Sanctions

Plaintiff served twenty-three requests for admission on Defendants on March 28, 2011. After a stay of discovery pending settlement negotiations, Defendants timely served their responses and objections on June 27, 2011. Following some discussions between counsel, Defendants served amended responses and objections on July 27, 2011. In the pending motion, Plaintiff objects to Defendants' responses to Requests 1-11, 13, and 15-23.

Plaintiff has not complied with Local Rule 104.7, which provides, "This Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court."[4] Moreover, the record provided to this Court reflects only that Plaintiff's counsel conferred with Defendants' counsel regarding the

---

[4] The Court notes that Plaintiff's failure to comply with Local Rule 104.7 is somewhat inexplicable, given that just one day before filing the instant motion, Plaintiff's counsel filed a motion to strike Defendants' motion for failure to comply with the same rule.

sufficiency of responses to Requests 1-4, 6-8, and 11-13. Twelve of the other requests now part of this motion were not addressed in Plaintiff's original correspondence with Defendants' counsel. Because of Plaintiff's failure to comply with the requirements of the Local Rules, the Motion for Determination that Defendants' Purported Answers to Requests for Admissions are Insufficient and for Sanctions will be DENIED, with leave to refile in compliance with the Local Rules if Plaintiff's counsel deems it appropriate. In making that determination, however, the Court urges Plaintiff's counsel to note that in Defendants' Amended Responses and Objections, with the exception of Request No. 11, which presented an alleged issue of attorney-client privilege, Defendants provided a substantive response to each of the Requests, following general and specific objections. Although the substantive response is frequently a denial, a denial is a legitimate response as long as it "fairly respond[s] to the substance of the matter." Fed. R. Civ. Proc. 36(a)(4). Repeated assertions that responses are "bogus," and repeated insistence that a denial of allegations is "not responsive" simply because an admission might have been preferred, do not constitute sincere attempts to resolve the differences between the parties.

### III. Attorneys' Fees and Costs

Because I find that both parties and their counsel are at fault for what has gone wrong with discovery to date, including myriad procedural violations that have unnecessarily increased the litigation expenses in this case, I am denying their cross motions for attorney's fees and costs. The circumstances make an award of expenses to either party unjust. I caution them, however, that failure to conduct future discovery in accordance with this order, the rules of procedure, local rules, and discovery guidelines may subject the parties and their counsel to Rule 37 sanctions.

Dated: October 3, 2011  /s/
Stephanie A. Gallagher
United States Magistrate Judge