**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| ROGER A. JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: WMN-09-2069 |
| NEXT DAY BLINDS CORP., *et al.*, | * | |
| Defendants. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**MEMORANDUM OPINION**

Plaintiff Roger A. Johnson, Jr. brought this race discrimination and retaliation action against his former employer, Defendants Next Day Blinds Corporation and Great Windows Services, LLC (collectively "Next Day Blinds"). This Memorandum Opinion addresses Plaintiff's Motion for Finding of Spoliation and For Sanctions [ECF No. 108], and the opposition and reply thereto.[1]  I find that a hearing is unnecessary in this case. *See* Local Rule 105.6 (D. Md. 2011).   For the reasons stated herein, Plaintiff's motion is denied as untimely.

I.     **BACKGROUND**

Plaintiff, who is African-American, worked as a blinds installer at Next Day Blinds from January, 2000 until April 10, 2008.  Am. Compl. ¶ 9.  Plaintiff alleges that, beginning in early 2005, supervisors at Next Day Blinds began steering jobs with potentially lucrative commissions to Caucasian installers.  Am. Compl. ¶ 23.  Plaintiff repeatedly complained to Next Day Blinds about the alleged discriminatory actions, and eventually filed complaints alleging race

---

[1] Judge Nickerson referred this case to a magistrate judge to resolve discovery disputes and related scheduling matters.  [ECF No. 90].

discrimination with both the EEOC and the Maryland Commission on Human Relations.  Am. Compl ¶ 30.  Next Day Blinds terminated Plaintiff's employment on April 10, 2008.  Am. Compl. ¶ 36-37.  Plaintiff filed this action on August 5, 2009.  [ECF No. 1].

On or about March 19, 2010, Plaintiff propounded requests for production of documents to Next Day Blinds, specifically seeking documents relating to scheduling of job assignments for installers and payment of commissions to installers from mid-2004 through April, 2008.  On June 1, 2010, Next Day Blinds produced, in Microsoft Excel format, the installers' daily schedules for January 1, 2007 through April 10, 2008.  Def. Opp. Exh. 6.  Plaintiff's counsel then requested that the Excel production be expanded to the period between 2004 and 2008.  Pl. Mot. Exh. 7.  On June 16, 2010, Next Day Blinds responded that the Excel schedules from July 2004 through December 31, 2006 were not available because the records had been "purged in the normal course of business."  Pl. Mot. Exh. 8.

In July, 2010, Next Day Blinds discovered additional paper schedule logs, and notified Plaintiff's counsel.  Def. Opp. Exh. 11.  To compensate for the delayed discovery, Next Day Blinds agreed to consider a request to re-open a deposition or to extend additional allowances for deposition hours and document requests.  *Id.*  Plaintiff's counsel responded by threatening to seek sanctions for spoliation.  Def. Opp. Exh. 11 – 13.

On August 4, 2010, Plaintiff deposed Michael Schmitt, Next Day Blinds's Vice President of Management Information Systems.  Following Mr. Schmitt's deposition, he realized that there was an additional electronic location in which he could look for the installers' schedules.  Pl. Mot. Exh. 9.  During that search, Mr. Schmitt located the installers' schedules from 2006 and part of 2005, in electronic format.  *Id.*  Those records were produced to Plaintiff.  Next Day Blinds has produced complete compensation records, including commission payments, for all

installers from July, 2004 through April 10, 2008.  Pl. Mot. Exh. 12.  The only missing records are the installers' schedules from the end of 2004 and certain months of 2005.

In July and August, 2010, the parties exchanged emails regarding what Plaintiff alleged to be spoliation of the missing records.  *See, e.g.,* Def. Opp. Exh. 12 (email from Plaintiff's counsel on July 26, 2010 stating, "And we'll see how the spoliation hearings go.").  On August 19, 2010, Plaintiff's counsel sent an email to Next Day Blinds's counsel stating, "We also want an adverse jury instruction regarding the destruction of the installers' schedules for the years 2004 and 2005."  In a subsequent email that same day, Plaintiff's counsel stated, "The facts of the spoliation are uniquely known to you.  If you will not agree to the requests being made, I will file a motion with the Court."  Def. Opp. Exh. 16.  Nevertheless, Plaintiff did not serve his spoliation motion, requesting the same adverse jury instruction referenced in his August 19, 2010 email, until almost two years later, on June 4, 2012.  [ECF No. 108].

## II.   ANALYSIS

"The lesson to be learned from the cases that have sought to define when a spoliation motion should be filed in order to be timely is that there is a particular need for these motions to be filed as soon as reasonably possible after discovery of the facts that underlie the motion."  *Goodman v. Praxair Servs., Inc.,* 632 F.Supp.2d 494, 507 (D. Md. 2009).  In *Goodman,* Judge Grimm summarized five factors that courts use to assess the timeliness of spoliation motions. 632 F.Supp.2d at 506-07.  The first factor is the length of time between the filing of the motion and the close of discovery.  *Id.*  Second is the temporal proximity between the filing of the spoliation motion and any motions for summary judgment, which in this case are due on July 30, 2012.  *Id.*  The third factor, which is inapposite in this case, relates to spoliation motions made on the eve of trial.  *Id.*  Fourth is any governing deadline for spoliation motions established by the

Court or by Local Rule.  *Id.*  The fifth factor is the moving party's explanation for the belated filing.  *Id.*

Weighing those factors leads to the inescapable conclusion that this spoliation motion was untimely.  The first two factors compare the filing of the motion to other scheduled dates in the case.  Although all of the facts underlying this motion were known as of the summer of 2010, Plaintiff filed this motion "at the close of discovery on June 4, 2012," just eight weeks before the dispositive motions deadline.  Reply at 9-10.  Plaintiff waited to file his motion until a time when most available remedies would mandate reopening discovery and disrupting the adjudication of dispositive motions.  In a case in which discovery extended over more than two years, Plaintiff's delay was unjustified.

The third factor, as addressed above, does not apply.  In considering the fourth factor, it is apparent that Plaintiff's lack of diligence violates the Local Rules.  Local Discovery Guideline 1(f) requires counsel to attempt to resolve discovery disputes promptly after becoming aware of the grounds for the dispute, and dictates that "an unresolved dispute should be brought to the Court's attention promptly after efforts to resolve it have been unsuccessful.  A failure to do so may result in a determination by the Court that the dispute must be rejected as untimely."  Plaintiff cannot contend that a delay of twenty-two months constitutes promptly bringing the issue to the Court's attention.

As to the fifth factor, Plaintiff's sole explanation for the delay is inherently contradictory.  In response to Next Day Blinds's assertion that Plaintiff should have filed a motion to compel, Plaintiff avers that "it would have been futile to file a motion to compel since a party cannot be compelled to produce what has already been destroyed."  Pl. Reply 10.  In the very next sentence, however, Plaintiff contends that waiting until the close of discovery to file the

spoliation motion was appropriate because, "Defendants would have exhausted all opportunity they had to produce the requested information." *Id.* Plaintiff cannot have his cake and eat it too. If Plaintiff did not believe that the schedules had been destroyed, he should have filed a motion to compel pursuant to Local Rule 104.8. If he did believe that the schedules had been destroyed, then he had no reason to wait until the close of discovery to allow Defendants to "exhaust their opportunity" to produce nonexistent information.

In sum, Plaintiff's extraordinary delay warrants denial of his motion. There is simply no reasonable justification for the twenty-two month delay between August 19, 2010, when the dispute was ripe and all facts were known, and June 4, 2012, when Plaintiff finally served his spoliation motion. Plaintiff failed to act promptly as required by the Local Rules. As a result, his motion will be denied as untimely filed.

This Court notes, however, that even had the motion been adjudicated on its merits, Plaintiff would not have prevailed. Plaintiff has failed to establish any bad faith conduct by Next Day Blinds. In fact, the record reflects ongoing and diligent efforts by Next Day Blinds and its employees to gather and produce relevant records. Plaintiff has adduced no evidence that any schedules were intentionally destroyed. In addition, a party seeking spoliation sanctions must "show that the evidence would have been helpful in proving its claims or defenses – i.e., that the innocent party is prejudiced without that evidence." *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America Sec., LLC*, 685 F. Supp. 2d 456, 467 (S.D.N.Y. 2010). Plaintiff has not met that burden. Next Day Blinds produced installer schedules for the vast majority of the time frame in question. The only installer schedules missing are those from three months in 2004 and two months in 2005. Furthermore, because Next Day Blinds produced the installers' compensation records, including the commissions paid, for the entire requested time frame, the

missing installer schedules are largely cumulative.   Installers' bonuses were based on points earned for job assignments.   The amount of the bonuses paid to each installer during the entire time frame has been produced.   Plaintiff can therefore readily extrapolate, from the amount of the compensation, the amount of points a particular installer earned.[2]   As a result, spoliation sanctions would have been unwarranted.   *See, e.g., Huggins v. Prince George's County, Md.,* 750 F.Supp.2d 549, 564 (D. Md. 2010) (denying motion for sanctions where documents "are certainly relevant to some possible inquiries, the damage in their loss is *de minimis* in light of all available evidence.").

Next Day Blinds requests that it be awarded its reasonable attorney's fees and costs incurred as a result of this motion.   While both untimely and lacking in merit, Plaintiff's motion does not rise to the level of acting "in bad faith, vexatiously, wantonly, or for oppressive reasons."   *See, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991).   This Court therefore declines to exercise its inherent power to impose sanctions in the form of attorneys' fees. Plaintiff's counsel is again reminded, however, of his obligations to review and to adhere to the Local Rules of this Court.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Finding of Spoliation and for Sanctions, [ECF No. 108], is DENIED.

Dated: July 11, 2012                                          _____/s/_____

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] Moreover, because Plaintiff's complaint is that African-American installers were denied jobs involving high commissions, the total amount of commissions earned by each installer would be more relevant than the number of points earned for each assignment.