IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER A. JOHNSON        *

       *

       *

v.        *    Civil Action No. WMN-09-2069

       *

       *

NEXT DAY BLINDS CORP. et al.    *

       *

       *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Before the Court is Defendants' motion to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(A) and on the ground that Plaintiff made false representations to the Court in his sworn affidavit in support of his motion to proceed in forma pauperis. ECF No. 113. Defendants have also filed a motion for summary judgment going to the merits of Plaintiff's claims. ECF No. 122. Both motions are fully briefed.[1] Upon review of the pleadings and the applicable case law, the Court determines that Defendants' motion to dismiss will be granted. Accordingly, the

---

[1] Plaintiff attempted to file a surreply in further opposition to the motion to dismiss. ECF No. 123. In an order issued on October 18, 2012, Magistrate Judge Stephanie Gallagher denied, as a discovery sanction, Plaintiff's motion for leave to file that surreply. ECF No. 134. Judge Gallagher concluded that Plaintiff was attempting to submit with his surreply a bank statement that he should have produced in discovery but failed to do so, despite a court order specifically compelling the production of such bank statements. In light of that ruling, the Court will not consider Plaintiff's proffered surreply in resolving this motion.

Court need not address the arguments presented in Defendants'
summary judgment motion.[2]

Section 1915 of Title 28 of the United States Code provides
that, "[n]otwithstanding any filing fee, or any portion thereof,
that may have been paid, the court shall dismiss the case at any
time if the court determines that . . . the allegation of
poverty is untrue . . . ."  28 U.S.C. § 1915(e)(2)(A) (emphasis
added).  Courts have interpreted Congress' use of the word
"shall" to mandate dismissal upon a finding of an untrue
allegation of poverty.  See Thomas v. General Motors Acceptance
Corp., 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation
of poverty was false, the suit had to be dismissed; the judge
had no choice."); Justice v. Granville Co. Bd. of Educ., 2012 WL
1801949, *6 (E.D.N.C. May 17, 2012) ("pursuant to the clear
language of 28 U.S.C. § 1915(e)(2)(A), plaintiff's cases must be
dismissed . . ."); Berry v. Locke, Civ. Nos. 10-539, 11-99, 11-
400, 11-706, 2009 WL 1587315, *7 (E.D. Va. June 5, 2009)
("[e]ven if [a plaintiff's] misstatements were made in good
faith, [his] case is subject to dismissal because [his]
allegation of poverty was untrue").

The only discretion left to the district court upon a
finding of a false allegation of poverty is whether the

---

[2] Although the Court need not reach the merits of Plaintiff's
claim, a review of the briefing of the summary judgment motion
reveals that Defendants would also prevail on the merits.

dismissal should be with or without prejudice.  In exercising that discretion, courts have found dismissal with prejudice to be appropriate "only when the applicant intentionally misrepresented his or her financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness." Justice, 2012 WL 1801949 at *4.

Plaintiff filed this action on August 5, 2009.  With the Complaint, Plaintiff also completed and filed with the Court the standard "Motion for Leave to Proceed In Forma Pauperis" (IFP Motion) and "Affidavit in Support for Motion for Leave to Proceed In Forma Pauperis" (Affidavit), provided by the Clerk's Office.  ECF No. 2.  Question 1 of the Affidavit inquired if Plaintiff was currently employed and Plaintiff responded, "No." Question 1(b) queried, "[i]f the answer is 'no,' state the date of last employment, the name and address of your employer, and the amount of salary or wages per month you received."  Id. at 2.  Plaintiff wrote "September 31, 2009" as the date of last employment and "The Right Track" as his former employer but provided no information regarding his salary or wages.  Id. at 3.  The second question on the Affidavit asked,

> Have you received within the past 12 months any income from: (1) settlements, judgments, or monetary awards following compensation, or disability payments; (2) Social Security, public assistance, workers' compensation, or disability payments; (3) a business, profession or other form of self-employment; (4) rent payments, interest, or dividends; (5) retirement,

annuity, pension or insurance payments; (6) gifts or inheritances; or (7) any other sources?

Id.  In response that question, Plaintiff answered, "No."

In his Affidavit in support of his IFP Motion, Plaintiff acknowledged that he "underst[ood] that the filing fee for most civil suits is $350.00" but stated, "because of my poverty I am unable to pay such fee and costs." Id. at 2. Plaintiff also indicated that he understood that the Court would not consider his motion unless all of the questions were answered. Id. at 4. Plaintiff signed the affidavit in support of his motion declaring "under penalty of perjury that the information above is true and correct." Id. Although the Court ultimately denied Plaintiff's motion to proceed in forma pauperis, it permitted him to file a reduced filing fee of $175.00.

Defendants learned through discovery in this action that Plaintiff had actually earned $50,738.38 in wage income from The Right Track, Inc. during the period mid-July 2008 through August 2009. Thus, Plaintiff had income of approximately $50,000 during the twelve month period prior to completing the IFP Motion and Affidavit and yet this income appears nowhere on that form. Defendants' counsel asked Plaintiff about the discrepancy between the representations in his IFP Motion and his actual income during his March 21, 2012, deposition.

Q What did you answer as to whether or not you've received any incomes in the past 12 months?

A It's no.

Q But you had in fact received income from Right Track
during the past 12 months.  Correct?

A Yes, I guess.  I didn't understand the question, I
guess, but yes.

Q What didn't you understand?

A Maybe when I read it, I didn't -- I missed
something.  But I wrote no, so...

ECF No. 113-3.  Notwithstanding the fact that Plaintiff was

alerted to this discrepancy, Plaintiff made no attempt to amend

his IFP Motion.

In moving to dismiss this action, Defendants argue that the

undisputed inaccuracy of the IFP Motion and the mandatory

language of § 1915 require that the suit be dismissed.

Defendants also argue that Plaintiff's misrepresentations were

made in bad faith and, thus, the dismissal should be with

prejudice.  As evidence of bad faith, Defendants note in their

motion that issues have arisen in previous litigation regarding

the truthfulness of Plaintiff's statements in an IFP Motion.  In

another suit filed in this Court, Johnson v. Tufton Group, Inc.,

Civ. No. BEL-99-144, the defendants argued that Plaintiff's

discrimination claim should have been dismissed because

Plaintiff "intentionally understated his financial condition" in

his application for in forma pauperis status.  See ECF No. 113-

9.  In that previous suit, Judge Legg entered summary judgment

against Plaintiff on the merits of Plaintiff's discrimination claim and did not address dismissal under § 1915.

In opposing the motion to dismiss, Plaintiff contends, as he did in his deposition, that he was confused when completing the IFP Motion and Affidavit.  Because Question 1 referenced employment and wages, Plaintiff states that he read Question 2 as excluding income from employment.  See ECF No. 119 at 3.  He also cites to his belief that "[t]he IFP Form has been amended a number of times . . . likely because it has been a source of confusion."  Id. at 4-5.  Plaintiff also contends that because he "was in a rush, he did not have an opportunity to provide the address of the employer and the amount of his salary."  Id. at 3.  His rush was due to the fact that he believed he was filing his Complaint on the last day permitted under his Notice of Right to Sue.  Id. at 2.  He does not explain, however, why he never returned to the Court to accurately complete or amend his Affidavit.

Despite the fact that he nowhere listed his $50,000 of income on his Affidavit, Plaintiff suggests that the Court should have been aware that "Plaintiff had income from his employment until his last day of employment, which Plaintiff mistakenly identified as September 31, 2009 instead of July 30, 2009."  Id.  He further suggests that he "believed that if anything was missing, he would be notified."  Id. at 4.  He also

argues that any finding of bad faith is undermined by the fact that he not only omitted his income but also failed to disclose expenditures, expenses, and debts in his Affidavit.

Each of the arguments raised by Plaintiff have been rejected by other courts resolving § 1915 motions.  As for any claim that the IFP form was confusing, courts have concluded that "[t]he IFP form [] clearly and unambiguously asks questions in plain English on a form designed for use by non-lawyers." Mullins v. Hallmark Data Sys., LLC, 511 F. Supp. 2d 928, 942 (N.D. Ill. 2007); Bell v. Dobbs Int'l Serv., 6 F. Supp. 2d 863, 865 (E.D. Mo. 1998).  Courts have also rejected arguments based on evidence that "expenses were also understated on the applications. . . ." Staten v. Tekelec, Civ. No. 9-434, 2011 WL 2358221 at *2 (E.D.N.C. June 9, 2011).  "Nothing in § 1915 permits an applicant, even one who genuinely is unable to afford to pay the filing fee, to pick and choose what financial information to include on the in forma pauperis application.  If anything, plaintiff's additional omissions during the relevant time period, although they appear on the other side of the ledger, only reinforce the conclusion that plaintiff was not truthful in her application." Id.

While the Court stops short of finding that Plaintiff made intentional misrepresentations in his IFP Motion and Affidavit, the Court finds he submitted them in what is tantamount to bad

faith.  In submitting an affidavit sworn under penalty of perjury, Plaintiff seems, at best, indifferent to the accuracy or completeness of the information he provided.  While the Court draws no conclusions as to whether Plaintiff made misrepresentations in his IFP Motion in his previous case before Judge Legg, the fact that the issue was even raised should by itself have alerted Plaintiff to the importance of exercising at least some care in submitting his sworn affidavit in this case. See Justice, 2012 WL 1801949 at *4 ("An individual's familiarity with the IFP system may be considered in determining whether he or she has acted in bad faith.")

"The opportunity to proceed in forma pauperis is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." Chung v. Dushane, Civ. No. 03-5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003).  In filing his IFP motion, Plaintiff did little to permit the Court to properly assess his indigence. Accordingly, the Court finds that § 1915 mandates that this action be dismissed and, in its discretion, concludes that it should be with prejudice.

A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: November 1, 2012