IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER A. JOHNSON          *
                          *
                          *
v.                        *   Civil Action No. WMN-09-2069
                          *
                          *
NEXT DAY BLINDS CORP. et al.  *
                          *
                          *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

On November 1, 2012, the Court dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(A) and on the ground that Plaintiff made false representations to the Court in his sworn affidavit in support of his motion to proceed in forma pauperis. Plaintiff has filed a motion seeking reconsideration of that dismissal. ECF No. 140. Defendants opposed that motion, ECF No. 141, and Plaintiff filed a reply in further support of his motion, ECF No. 142. The Court will deny the motion.

In urging the Court to reconsider its decision, Plaintiff first argues that the undersigned's decision was "inextricably linked" to a decision of Magistrate Judge Gallagher to which he was not permitted sufficient time to file objections. In a letter order dated October 18, 2012, Judge Gallagher held that Plaintiff would not be permitted to file a surreply in further opposition to Defendant's motion to dismiss. ECF No. 134. As

one reason for her decision, Judge Gallagher noted that the bank statements that Plaintiff sought to introduce through the surreply should have been produced to Defendant pursuant to a previous discovery order and that the Plaintiff's proffered justification for his failure to produce them in discovery was insufficient. She also noted that, under the Local Rules, surreplies are highly disfavored and that Plaintiff offered no explanation as to why the information in the proposed surreply could not have been included in the opposition.

Plaintiff argues that his bank statements would have provided evidence of his dwindling resources and thus undermined the conclusion that his statements regarding his poverty in his <u>in forma pauperis</u> (IFP) application were untrue. The undersigned, however, dismissed this action based upon Plaintiff's failure to disclose on his IFP affidavit approximately $50,000 that he had received as salary in the twelve months immediately prior to his completing the affidavit. The undersigned also noted that Plaintiff failed to correct the information in his IFP affidavit despite having been alerted to the discrepancy in his deposition. Plaintiff's proffered bank statements provide nothing to excuse his failure to declare his substantial income which was the basis for the dismissal.

In his reply memorandum, Plaintiff raises new arguments, or rather, variations of arguments raised in opposing the motion to

2

dismiss.  Plaintiff again suggests that the forms provided by the Court for him to complete "did [n]ot require Plaintiff's disclosure of his income for the preceding 12 months."  ECF No. 142 at 1.  Because Question 1 asked questions related to the applicant's employment, Plaintiff concludes that Question 2 was not seeking employment related income.  ECF No. 142 at 4.  Plaintiff readily acknowledges, however, that he failed to answer the portion of Question 1 that clearly did ask about monthly income from employment.  In an argument that is somewhat difficult to follow, Plaintiff suggests that, because the application states that "the Court will not consider [his] Motion unless all of the questions are answered," Plaintiff "was on notice" that, because Plaintiff failed to fully complete his application, his motion would not be considered.  Id. at 3.  In the very next paragraph, however, Plaintiff admits that the Court denied his motion.  Id.

   In a related argument, Plaintiff suggests that, because the Court denied his motion to proceed in forma pauperis, that denial concluded any application of 28 U.S.C. § 1915 to his case.  The statute provides, however, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."  28 U.S.C. § 1925(e)(2)(A) (emphasis added).  Thus, the statute

3

remains applicable, despite the Court's partial[1] denial of Plaintiff's motion.

Accordingly, for these reasons and the reasons stated in the Court's memorandum dated November 1, 2013, IT IS this 20th day of February, 2013, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiff's Motion to Alter or Amend Judgment, ECF No. 140, is DENIED; and

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
              _____/s/_____
              William M. Nickerson
              Senior United States District Judge
```

---

[1] Based upon the information provided in Plaintiff's application, the Court reduced the filing fee by one half. Inexplicably, Plaintiff suggests that the Court reduced the fee, "sua sponte," and draws the "inference" that it was not based upon the statute but was, instead, "based on the Court's own inherent powers." ECF No. 142 at 3. Notwithstanding Plaintiff's unsupported inference, the Court reduced Plaintiff's filing fee based upon the information provided by Plaintiff in his application.